IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLARENCE MITCHELL, IV         :
                              :
v.                            :     Civil Action WMN-02-602
                              :
PARIS GLENDENING              :

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion for Protective Order and to Quash Notice of Deposition for Delegate Howard P. Rawlings, Paper No. 13. The motion is ripe for the Court's consideration. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary and that the motion will be granted.

On June 3, 2002, this Court granted Defendant's motion to quash notice of depositions for five individuals who were involved in the creation and/or drafting of the Governor's 2002 redistricting plan, on the ground that those individuals were entitled to legislative immunity. See, Mem. & Ord. dated June 3, 2002. Plaintiff now seeks to depose Delegate Howard P. Rawlings, who was not a member of the Governor's committee that drafted the plan, but who was a member of the House of Delegates at the time the plan was introduced and subsequently enacted into law. Specifically, Plaintiff wishes to ask Delegate Rawlings about the

basis for his opinion, offered during Rawlings' testimony in recent state court proceedings regarding the redistricting plan, that an African-American could be elected in District 44 (the district at issue in the present case).

Defendant argues that legislative immunity bars any inquiry into Delegate Rawlings' belief that the redistricting plan would not prevent the election of an African American in District 44. The Court agrees.  In essence, Plaintiff seeks to explore Delegate Rawlings' opinion as to the propriety and legality of legislation that passed through the General Assembly of which Delegate Rawlings was and is a member.  Plaintiff's proposed line of questioning goes to the heart of matters protected by the doctrine of legislative immunity: the motivations and beliefs underlying a legislator's support, or lack thereof, for particular legislative acts.  See, United States v. Dowdy, 479 F.2d 213, 226 (4th Cir. 1973); Marylanders for Fair Representation, Inc. v. Schaefer, 144 F.R.D. 292, 299 (D. Md. 1992) (holding that any inquiry into legislators' actions taken after redistricting legislation reached the floor of the General Assembly was "flatly prohibit[ed]" because of "the direct intrusion of such discovery into the legislative process").

Having concluded that the notice of deposition for Delegate Rawlings should be quashed on the ground of legislative immunity,

the Court need not address Defendant's argument that the notice was untimely under the Federal Rules of Civil Procedure.

Accordingly, IT IS this 10th day of June, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant's Motion for Protective Order to Quash Notice of Deposition for Delegate Howard P. Rawlings, Paper No. 13, is hereby GRANTED; and

2. That the Clerk of the Court shall mail or transmit copies of this Memorandum and Order to all counsel of record.

_____
William M. Nickerson
United States District Judge